STATE *v.* STEPHENSON.

### (Filed 20 November, 1957)

**Criminal Law § 127—**
  Upon plea of guilty to a charge of public drunkenness, G.S. 14-335, sentence of defendant "to the roads for a term of 30 days" is not in compliance with G.S. 148-30 or G.S. 148-32, and upon appeal the judgment must be vacated and the cause remanded for a new and proper judgment.

APPEAL by defendant from *Fountain, Special Judge,* August Term, 1957, of HARNETT.

On defendant's appeal from judgment of Recorder's Court of Dunn, this case came on for trial in superior court on the original warrant which charged, *inter alia,* that defendant on or about July 1, 1956, did unlawfully and wilfully "engage in public drunkness and disorderly conduct at a public place in town of Dunn to wit: the bus station," etc.

As to what occurred in the superior court, the record shows the following, nothing more:

"Defendant plead guilty to public drunkenness, whereupon the defendant was sentenced to the roads for a term of 30 days. Defendant in open court gives notice of appeal to the Supreme Court of North Carolina . . ."

Defendant's sole assignment of error is that said judgment is "incomplete, illegal and void."

*Attorney General Patton and Assistant Attorney General Bruton for the State.*

*E. R. Temple for defendant appellant.*

PER CURIAM. Upon his plea of guilty to the charge of public drunkenness, defendant was subject to punishment as provided by G.S. 14-335. In such case, where the judgment is one of imprisonment, the sentence imposed should be as provided by G.S. 148-30 or by G.S. 148-32. Also, see G.S. 15-6.

The sentence imposed by the judgment *as appears in the record* was not in compliance with G.S. 148-30 or with G.S. 148-32. Hence, since defendant's appeal constitutes an exception thereto, the judgment is vacated; and the cause is remanded for a new and proper judgment upon defendant's plea of guilty to the charge of public drunkenness.

We are not unmindful that the judgment *as recorded* may reflect the interpretation placed thereon by the clerk who prepared the minutes rather than the judgment as pronounced by the presiding judge.

Remanded for proper judgment.